# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL E. HOWARD,**

**Plaintiff,**

**-vs-**                                    **Case No.  6:05-cv-187-Orl-31KRS**

**WAL-MART, BRYAN KREBS, DUSTIN
SHARRICK and RODNEY JEFFERSON ,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 29)** |
| **FILED:** | **April 11, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.       BACKGROUND.

Michael E. Howard, appearing *pro se*, filed a complaint in a Florida circuit court against Defendants Wal-Mart, Bryan Krebs, Dustin Sharrick, and Rodney Jefferson alleging violations of his constitutional rights and his rights under Florida law arising from an incident in which Wal-

Mart employees apparently accused Howard of shoplifting. Doc. No. 2.[1]  On February 3, 2005, the

defendants removed this action to this Court. Doc. No. 1. Howard's subsequent motion for

remand and a motion for sanctions under Fed. R. Civ. P. 11 arising from the allegedly improper

removal were denied. Doc. No. 18.

The defendants moved to dismiss Howard's complaint on the basis that it failed to state a

claim. Howard failed to file a timely response to the motion to dismiss. Doc. No. 3. The

presiding district judge, the Honorable Gregory A. Presnell, granted the motion to dismiss without

prejudice, and gave Howard leave to file an amended complaint conforming to the Federal Rules

of Civil Procedure within twenty days. Doc. No. 19. Howard did not file an amended complaint.

Thus, Judge Presnell's order became an appealable final order on March 23, 2005. *Shuurman v.

Motor Vessel "Betty K V"*, 798 F.2d 442, 445 (11th Cir. 1986).

Howard now seeks to appeal *in forma pauperis* the Court's denial of his motion for remand

and related motion for sanctions and the dismissal of his complaint. He submitted an affidavit that

establishes that he is indigent.   Under 28 U.S.C. § 1915(e) and Fed. R. App. P. 24, the Court must

determine whether the appeal "is not taken in good faith."

## II.   ALLEGATIONS OF THE COMPLAINT.

Howard, a black man, brought claims against Wal-Mart and three of its employees. The

complaint alleges that each employee resides in Florida. Howard is also a Florida resident.

Howard alleges that when he was leaving a Super Wal-Mart an alarm sounded. Thereafter,

he was confronted by the individual defendants, one of whom took a pocket knife from Howard's

---

[1] Howard's complaint appears at document number two in the paper file maintained by the
Clerk of Court in this case.

shirt pocket.  The individual defendants attacked Howard and slammed him to the ground.  Police officers arrived.  Howard was taken to a hospital for emergency treatment.

Subsequently, the defendants falsified reports that were used by the police department to charge Howard with a crime he did not commit.  He was held in jail for an unidentified period of time until he was able to post an excessively high bail.  Howard asserts that all of these actions were the result of racial animosity.

Construing the complaint liberally, Howard alleges that the defendants committed assault and battery and intentionally inflicted physical injuries in violation of Florida law.  He also alleges that the defendants deprived him of liberty, equal protection of the law, and due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and caused him to post excessive bail and be subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## III.    STANDARD OF REVIEW.

"The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915 [].  In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. . . . The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit."  *Ellis v. United States*, 356 U.S. 674, 674-75 (1958) (citation omitted).  The application to appeal *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter of law."  *DeSantis v. United Tech. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

## IV.    ANALYSIS.

With respect to the request to appeal the dismissal order, there appears to be no legal basis on which Howard could sustain his claims in this Court.  Because both Howard and the individual defendants are citizens of Florida, there is no diversity jurisdiction to support the alleged violations of state law.  *See* 28 U.S.C. § 1332.  There is no allegation that the actions of the defendants were taken under color of state law, which would be necessary to sustain the constitutional claims.  *See, e.g., Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Rey v. Kmart Corp.*, No. 97-3912-CIV-GOLD, 1998 WL 656070, at *2 (S.D. Fla. July 21, 1998).  Without a federal question claim, the supplemental jurisdiction statute would not require the Court to entertain the state law claims.  *See Rey*, 1998 WL 656070, at *6.

With respect to denial of the motion for remand, that order became appealable once the final judgment of dismissal was entered.  *See Woodard v. STP Corp.*, 170 F.3d 1043, 1044 (11th Cir. 1999).  At the time the case was removed, the Court had subject matter jurisdiction over it because Howard alleged federal constitutional violations.  The subsequent dismissal of the complaint did not undermine the Court's denial of the motion to remand, because "subsequent acts do not divest the court of its jurisdiction over the action."  *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).  Moreover, the Court could still exercise supplementary jurisdiction over the state law claims, if it chose to do so.  *Id.*  Because the motion for Rule 11 sanctions was based on the argument that removal was improper, there is also no arguable legal basis to support appeal of the denial of that motion.

-4-

Because there is no arguable legal basis for Howard's appeal, the appeal is not taken in good faith.

**V.     RECOMMENDATION.**

For the reasons discussed herein, I respectfully recommend that the Court deny the motion for leave to appeal *in forma pauperis* and certify in writing to the United States Court of Appeals for the Eleventh Circuit that the appeal is not taken in good faith.  I further recommend that after the Court rules on pending motion, it direct the Clerk of Court to close the file in this case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 27, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties